# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0604** (Kanawha County 20-F-326)

**Jeffrey Scott Smith,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jeffrey Scott Smith, by counsel Herbert L. Hively II, appeals the June 30, 2021, order of the Circuit Court of Kanawha County sentencing petitioner to an aggregate twelve-to-twenty-two-year term of incarceration for his convictions of malicious wounding by use of a firearm and use of a firearm during the commission of a felony. The State of West Virginia, by counsel Patrick Morrisey and Scott E. Johnson, filed a response in support of the circuit court's order. On appeal, petitioner alleges that the circuit court sentenced him to an unconstitutionally excessive and disproportionate sentence and considered impermissible factors when rendering its sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 10, 2020, two employees of Pile Hardware in Charleston, Robert Carpenter and Joel Weaver, caught petitioner shoplifting merchandise. They confronted petitioner, who was initially cooperative. Witnesses stated that petitioner soon became combative and attempted to flee the store. The two employees intervened, and a physical confrontation ensued. During the confrontation, petitioner drew a handgun but dropped it to the ground. Moments later, petitioner produced a second handgun and fired a single shot into Mr. Carpenter's knee. Petitioner then fled the scene. Witnesses observed petitioner run into the West Side Market and saw the handle of a firearm on his right hip as he entered. After petitioner left the market, law enforcement found the

1

firearm, hidden behind a case of Dr. Pepper inside the store. This firearm matched the caliber of the bullet recovered from the scene of the shooting. Law enforcement recovered a bag of methamphetamine and the other firearm from outside the hardware store, in addition to recovering the items stolen from Pile Hardware along the route between Pile Hardware and the West Side Market. Petitioner was arrested and later asserted that he was under the influence of heroin and methamphetamine during the commission of the crime. The investigation also revealed that petitioner had a prior felony conviction for the distribution of methylenedioxymethamphetamine ("MDMA") and, thus, was prohibited from possessing firearms.

Later in September of 2020, petitioner was indicted on one count of malicious wounding by use of a firearm, one count of the use of a firearm in the commission of a felony, one count of possession of a firearm by a prohibited person, and one count of possession of a concealed firearm by a prohibited person.

In June of 2021, petitioner pled guilty to one count of malicious wounding and one count of the use of a firearm in the commission of a felony, and the State dismissed the remaining charges pursuant to a plea agreement. During his plea hearing, the circuit court engaged petitioner in a plea colloquy, informing him of the constitutional rights that he would be waiving as a result of his guilty plea. Petitioner acknowledged the potential statutory penalties for the crimes to which he pled and further acknowledged that sentencing for those crimes was in the court's discretion, including that he could be sentenced to consecutive terms of incarceration. Following the colloquy, the circuit court found a factual basis for the guilty pleas and that petitioner freely, voluntarily, and intelligently entered his pleas of guilty.

Later in June of 2021, the circuit court held petitioner's sentencing hearing. Petitioner argued for his sentences to run consecutively, with the second sentence to be served on home incarceration. He asserted that he had not previously committed a crime of violence against a person and that he had accepted responsibility for the instant offenses. Petitioner exercised his right to allocution. The State argued that petitioner's criminal activity had escalated since 2004. Further, the State pointed out that petitioner stated he accepted responsibility but referenced his statement in the pre-sentence investigation report that the firearm "discharged accidentally." The State emphasized that petitioner "had not one but two guns in his possession," and, contrary to petitioner's assertion that he was highly intoxicated from controlled substances, he had the wherewithal to flee the scene and hide the firearm used in the crime. The State argued that the circuit court should impose the maximum statutory penalties, run the resulting sentences consecutively, and deny petitioner home incarceration.

Ultimately, the circuit court reasoned that "the discharging of those [firearms] accidentally or not [was] inexcusable. It's a danger to society." The court determined that petitioner was an ever-present danger to society and recommended that he take advantage of substance abuse treatment while incarcerated. The court then sentenced petitioner to an indeterminate two-to-ten-year term of incarceration for his conviction of malicious wounding and a determinate ten-year term of incarceration for his conviction of use of a firearm during the commission of a felony, which the court ordered would be served consecutive to the first term of incarceration. The

circuit court's June 30, 2021, order memorialized petitioner's sentence. He now appeals the circuit court's sentencing order.

"The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Additionally, we have consistently held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner first argues that the circuit court's sentence is excessive and disproportionate to the crime, in violation of the West Virginia Constitution. We have held that

> "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, [164 W. Va. 216], 262 S.E.2d 423 (1980).

Syl. Pt. 3, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981). Further,

> "[w]hile our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syllabus point 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

Syl. Pt. 2, *State v. Patrick C.*, 243 W. Va. 258, 843 S.E.2d 510 (2020). In other words, "[w]hen previously asked to review sentences as being disproportionate, this Court has determined that these claims generally are limited to sentences that have no maximum limit provided by statute." *State v. Sulick*, 232 W. Va. 717, 725, 753 S.E.2d 875, 883 (2012).

Here, petitioner was convicted of one count of malicious wounding, which carries an indeterminate sentence of two to ten years of incarceration.[1] Petitioner was also convicted of one count of use of a firearm during the commission of a felony, which carries a determinate sentence of "not more than ten years."[2] Both crimes have statutory maximums, which the circuit court did not exceed. Therefore, we find petitioner's sentence is proportionate.

---

[1] W. Va. Code § 61-2-9(a).

[2] W. Va. Code § 61-7-15a.

3

Petitioner also argues that the circuit court's sentence was based on an impermissible factor. He asserts that the court erred in finding that he was a danger to society, arguing that the finding was "without any foundation."

This Court has considered that "[a] trial court has wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed. And a sentencing court is not restricted by the federal constitution to the information received in open court." *State ex rel. Dunlap v. McBride*, 225 W. Va. 192, 202, 691 S.E.2d 183, 193 (2010) (citation omitted). Some impermissible factors have been identified, however, including "race, sex, national origin, creed, religion, and socioeconomic status." *State v. Moles*, No. 18-0903, 2019 WL 5092415 (W. Va. Oct. 11, 2019)(memorandum decision)(citation omitted).

Here, we do not find that the circuit court considered an impermissible factor when sentencing petitioner. The circuit court's finding is reasonable in light of the record. Petitioner, a felon who was prohibited from possessing firearms, brought two weapons into a business and, ultimately, shot and injured an employee. This evidence supports the circuit court's finding, and it was not impermissible for the circuit court to consider this evidence at sentencing. We find petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the circuit court's June 30, 2021, order.

Affirmed.

**ISSUED**: August 31, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn